UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:19CV451 RLW |
| ST. CHARLES COUNTY PIPING, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Entry of Damages, Against Defendant St. Charles County Piping, Inc., which the Court construes as a Motion for Default Judgment. (ECF No. 14) Plaintiffs filed this action on March 14, 2019, under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. § 186. Plaintiffs are two fringe benefit trust funds, Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund, along with their respective Trustees. Defendant was served on March 25, 2019 and its answer was due April 15, 2019. Due to Defendant's failure to respond, Plaintiffs filed a Motion for Entry of Clerk's Default on October 28, 2019. (ECF No. 12) The Clerk of Court entered default against the Defendant on October 31, 2019. (ECF No. 13) Plaintiffs subsequently filed their Motion for Default Judgment on November 5, 2019.

## LEGAL STANDARD

"It is well established . . . that the entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency*, No. Civ. 01-497(PAMJGL), 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002)

(citations omitted). Default judgments are disfavored under the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Further, the entry of a default judgment is committed to the sound discretion of the district court. *Id.*

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). Further, "[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12CV02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted).

## DISCUSSION

In this case, the Plaintiffs did not allege a specific amount of damages in their complaint, but provided evidence of the dollar amount of damages through their Motion for Default Judgment and supporting documentation. If damages are ascertainable, the court may determine the amount of damages without a hearing through the use of other evidence in the record. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008).

Plaintiffs must prove its actual damages to a "reasonable degree of certainty." *Painters Dist. Council No. 2 v. Diversified Drywall Sys., Inc.*, No. 4:11–CV–1823 CEJ, 2012 WL 6740650, at *2 (E.D. Mo. Dec. 31, 2012) (citing *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). Damages may be proven by a sworn affidavit and supporting

documentation. *SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc.*, No. 4:12–CV–2386 CAS, 2014 WL 1389581, at *2–4 (E.D. Mo. Apr. 9, 2014).

Through the use of the auditor's affidavit, attorney fee affidavit, and memorandum in support of their Motion for Default Judgment, Plaintiffs have proven their damages to a reasonable degree of certainty. Therefore, the Court accepts as true the factual allegations contained in Plaintiffs' Complaint together with the information presented in Plaintiffs' Motion for Default Judgment, affidavits, and memorandum in support as they relate to the Plaintiffs' damages, totaling $5,461.48, and prayer for relief. (ECF Nos. 14-17)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 14) is **GRANTED.** A separate Judgment accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order and accompanying Judgment to Defendant via U.S. Mail and UPS at the following address:

Patrick Blattel
10 E. Pearce Blvd.
Wentzville, MO 63385

Dated this 13th day of April, 2020.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**